IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN PHILLIPS                                                                           PLAINTIFF

vs.                                    Civil No. 2:12-cv-02052

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Carolyn Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her current disability applications on May 5, 2010.[2]  (Tr. 12, 127-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed disability applications on October 23, 2008.  (Tr. 51). Those applications were also denied initially, on reconsideration, and at the hearing level. (Tr. 51-58).  Plaintiff appealed those denials to the United States District Court for the Western District of Arkansas.  *Phillips v. Astrue,* 2:11-cv-02007-ELS, ECF No. 1.  Citing an improper RFC determination, the Honorable Judge Erin L. Setser found those denials were not supported by substantial evidence in the record.  *Id.*  Judge Setser then reversed and remanded that case for further development of the record.  ECF Nos. 9-10.  Based upon Plaintiff's representations, that remand is still pending at

137). Plaintiff alleges she is disabled due to knee problems, back problems, and arm injuries. (Tr. 152). Plaintiff alleges an onset date of April 8, 2010. (Tr. 12). These applications were denied initially and again upon reconsideration. (Tr. 62-65).

Thereafter, on October 19, 2010, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 85-100, 23-47). Plaintiff's administrative hearing was held on June 14, 2011 in Clarksville, Arkansas. (Tr. 23-47). Plaintiff was present and was represented by counsel, Abby Rice, at this hearing. *Id.* Plaintiff and a witness for Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 26). Plaintiff also testified she had completed high school. *Id.*

On July 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 8, 2010, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairment: early degenerative joint disease in the left knee. (Tr. 14-15, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

the administrative level. ECF No. 7.

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of "light" work. *Id.* Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light" work includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

After evaluating her RFC, the ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). Specifically, upon review of her PRW, the ALJ determined Plaintiff had no PRW she could perform. *Id.*

Finally, the ALJ determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 10). The ALJ applied the Medical-Vocational Guidelines or "Grids" to make that determination. *Id.* In accordance with Rule 202.13 of the Grids, and considering Plaintiff's age, education, work experience, and RFC for light work, the ALJ determined Plaintiff was "not disabled." *Id.* Accordingly, the ALJ determined Plaintiff had not been under a disability as defined in the Act from April 8, 2010 through the date of his decision or through July 15, 2011. (Tr. 21-22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On March 12, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 27, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF

Nos. 7-8. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7. Specifically, Plaintiff claims the following: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred by failing to fully consider her alleged mental impairments; (3) the ALJ erred in assessing the credibility of her subjective complaints; (4) the ALJ made "multiple errors" in his RFC determination; and (5) the ALJ erred by failing to use the testimony of a Vocational Expert ("VE"). *Id.* In response, Defendant argues the ALJ fully and fairly developed the record because he had sufficient evidence to make an informed decision. ECF No. 8 at 4-6. Defendant also argues the ALJ properly evaluated the severity

of Plaintiff's mental impairments, properly determined her RFC, and properly determined she retained the capacity for other work. *Id.* at 6-19. Because this Court finds the ALJ erred in his RFC determination, this Court will only address Plaintiff's fourth argument for reversal.

As noted above, Plaintiff previously filed an appeal with the U.S. District Court for the Western District of Arkansas. *See Phillips v. Astrue,* 2:11-cv-02007-ELS, ECF No. 1. This appeal was filed because Plaintiff was denied disability benefits based upon prior applications. *Id.* In that appeal, Plaintiff claimed the ALJ's RFC determination was not supported by substantial evidence in the record. ECF No. 7. Judge Setser agreed with that argument and reversed and remanded Plaintiff's case. ECF Nos. 9-10. Specifically, Judge Setser remanded Plaintiff's case because the RFC determination–that she retained the RFC for light work–was not supported by substantial evidence in the record. *Id.* Judge Setser focused upon the fact that the ALJ in that case provided no evidence to support her conclusion that Plaintiff retained the RFC for light work even when she suffered from a left knee impairment. *Id.* As noted above, that case was remanded on February 9, 2012, and it is still pending at the administrative level. ECF No. 7.

In the present action, the ALJ also determined Plaintiff retained the capacity to perform the full range of light work. (Tr. 15-21). This determination was made even though Plaintiff has a documented history of knee pain. (Tr. 18). In discounting her claim left knee pain causes her to be unable to work, the ALJ noted the following:

> The claimant has alleged she is unable to work due to left knee pain. Although the claimant has received treatment for this allegedly disabling impairment(s), that treatment has been essentially routine and/or conservative in nature. She underwent arthroscopic surgery and had some repair done on her knee. *However, MRIs and x-rays reveal only early degenerative changes that are not so severe to render her incapable of working.*

*Id* (emphasis added)*.* Indeed, the ALJ summarily determined Plaintiff's MRIs and x-rays of her left

6

knee do not establish she is "incapable of working." *Id.* Such a determination without any supporting evidence certainly does not provide substantial evidence for the ALJ's determination that Plaintiff retains the RFC for *light work*. This was precisely the same issue that caused Judge Setser to remand Plaintiff's prior action. *See Phillips,* 2:11-cv-02007-ELS, ECF Nos. 9-10. Accordingly, consistent with that prior to determination, the Court also finds the current ALJ's disability determination is not supported by substantial evidence in the record and must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of March 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE