IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN PHILLIPS                                                                              PLAINTIFF

vs.                                         Civil No. 2:12-cv-02052

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

### ORDER

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 11. Defendant has responded to this Motion and objects to the number of hours requested as being excessive. ECF No. 13. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1.      Background:**

Carolyn Phillips ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On March 29, 2013, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 9-10.

On June 25, 2013, Plaintiff filed the present Motion requesting an award of attorney's fees under EAJA. ECF No. 11. With this Motion, Plaintiff requests an award of attorney's fees of $5,890.50. *Id.* This amount represents 34.65 hours during 2012 and 2013 at an hourly rate of $170.00. *Id.* Defendant responded to this Motion on June 28, 2013. ECF No. 13. In this response, Defendant claims Plaintiff's requested hours are excessive and should be reduced by 10.35 hours. *Id.*

**2.** **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3. **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 9-10. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 13. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $5,890.50. ECF No. 11-1. This amount represents 34.65 hours during 2012 and 2013 at an hourly rate of $170.00. *Id.* Defendant has raised no objections to this requested hourly rate. ECF No. 13. This requested hourly rate is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff has requested $170.00 per hour for work performed in 2012 and 2013. ECF No. 11. Based upon the CPI-South Index, this hourly rate is authorized, and the Court awards this amount for work performed in 2012 and 2013.

Further, Plaintiff has requested 34.65 hours for attorney work performed in 2012 and 2013.

ECF No. 11-1. Plaintiff has submitted an itemized bill in support of this request. *Id.* Defendant has responded to this request and objects to the hours requested as being excessive. ECF No. 13. Defendant seeks to have Plaintiff's requested hours reduced by 10.35 hours to a total of 24.30 hours. *Id.* Specifically, Defendant claims the following: (1) Plaintiff's request for administrative work should be reduced by 2.20 hours; (2) Plaintiff's request for work performed that is purely clerical in nature should be reduced by 6.90 hours; and (3) Plaintiff's request for the preparation of the current EAJA motion should be reduced by 1.25 hours. *Id.* The Court will address each of these objections.

First, Defendant seeks to reduce the amount of time Plaintiff requests for "tasks performed at the administrative level" by 2.20 hours from 3.20 hours to 1.00 hour. ECF No. 13 at 2-4. Upon review, although Defendant characterizes them as "tasks performed at the administrative level," Plaintiff is actually requesting compensation for reviewing the administrative file and preparing the appeal in this matter. ECF No. 11-1. This is the second time Plaintiff's case has been remanded by this Court; and accordingly, the administrative record in this case is extensive. Plaintiff's requested 3.20 hours do not appear to be excessive under these circumstances. Thus, the Court finds no basis for reducing Plaintiff's requested hours for preparation of this appeal.

Second, Defendant seeks to reduce the amount of time Plaintiff requests for "matters that are purely clerical in nature." ECF No. 13 at 4-5. Defendant claims this time totals 6.90 hours.[1] *Id.* The time requested includes client correspondence, client conferences, and reviewing and updating the file. ECF No. 11-1. Clearly, such time cannot be characterized as "purely clerical in nature." Indeed, of the entries Defendant has referenced, the only time which appears to be purely clerical in nature in Plaintiff's itemized time is the entry for mailing service of process to the Commissioner

---

[1] After reviewing the specific entries, it appears this amount actually totals 6.70. ECF No. 13 at 4-5.

of Social Security Administration, the U.S. Attorney, and the U.S. Attorney General. ECF No. 11-1. This amount totals 0.75 hours. *Id.* Because mailing these documents is purely clerical in nature, the Court reduces Plaintiff's request by this amount. *See Granville House, Inc. v. Dep't of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA).

Third and finally, Defendant objects to Plaintiff's request for 2.25 hours in preparing the present EAJA motion. ECF No. 13 at 5. Defendant argues that the request amount is excessive and argues that an award of 1.00 hour is more appropriate. *Id.* Upon review of this request, the Court finds no basis for reducing Plaintiff's requested fees for preparation of this EAJA motion.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 13. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.     Conclusion:**

Based upon the foregoing, the Court awards Plaintiff $5,763.00 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This amount includes 33.90 hours at an hourly rate of $170.00 for the hours worked in 2012 and 2013.

**ENTERED** this **12th day of July 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE